DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Kedrin Rogers has appealed his conviction and sentence from the Summit County Court of Common Pleas for possession of cocaine, crack cocaine, and drug paraphernalia. This Court affirms.
 I {¶ 2} On June 15, 2004, Appellant was indicted on one count of having weapons while under disability, in violation of R.C.2923.13(A)(3), charged as a third degree felony; one count of possession of crack cocaine, in violation of R.C. 2925.11(A), charged as a fourth degree felony pursuant to R.C.2925.11(C)(4)(b); one count of possession of cocaine, in violation of R.C. 2925.11(A), charged as a fifth degree felony pursuant to R.C. 2925.11(C)(4)(a); and one count of illegal use or possession of drug paraphernalia, in violation of R.C.2925.14(C)(1), charged as fourth degree misdemeanor pursuant to R.C. 2925.14(F)(1).
 {¶ 3} Appellant pled not guilty to all of the charges, and a two day jury trial commenced on August 26, 2004. On the first day of trial, the State dismissed the charge of having weapons while under disability. Furthermore, Appellant elected to have the illegal use or possession of drug paraphernalia charge tried to the court. Thus, the charges of possession of cocaine and possession of crack cocaine were tried to the jury.
 {¶ 4} The jury found Appellant guilty of both charges and on September 7, 2004, the trial court announced its decision finding Appellant guilty of the charge of the illegal use or possession of drug paraphernalia. Appellant was sentenced to seventeen months incarceration as a result of his conviction for possession of crack cocaine, twelve months incarceration as a result of his conviction for possession of cocaine; and thirty days incarceration in the county jail as a result of his conviction for the illegal use or possession of drug paraphernalia. The trial court ordered that all three sentences run concurrently. The trial court also ordered that the three concurrent sentences run consecutively to sentences imposed on two different and unrelated cases.
 {¶ 5} Appellant has timely appealed his conviction and sentence, asserting four assignments of error. We have consolidated his assignments of error for ease of analysis.
 II Assignment of Error Number One
"Appellant's convictions of possession of cocaine were contrary to the manifest weight of the evidence."
 Assignment of Error Number Two
"The trial court erred in failing to grant appellant's [Crim.R. 29] motion to dismiss the possession of cocaine charges following the conclusion of the state's case."
 {¶ 6} In his first and second assignments of error, Appellant has argued that his convictions were based upon insufficient evidence and against the manifest weight of the evidence. Specifically, Appellant has argued that the State failed to prove all of the enumerated elements of each charge. Appellant has also argued that his convictions should be reversed because some of the State's witnesses at trial presented conflicting testimony. We disagree.
 {¶ 7} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley aka G-Money
(Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390, (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks (1991),61 Ohio St.3d 259, 279. Furthermore:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks, 61 Ohio St.3d paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 8} In State v. Roberts, this Court explained:
"[S]ufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. (Emphasis omitted).
 {¶ 9} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
"[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340.
 {¶ 10} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than it supports the other. Thompkins,78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court. Karchesv. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten,33 Ohio App.3d at 340.
 {¶ 11} In the instant matter, Appellant was convicted of one count of possession of cocaine and one count of possession of crack cocaine, both in violation R.C. 2925.11(A). The statute states that no person shall knowingly possess a controlled substance. R.C. 2925.11(A). Possession is defined as having control over the substance. R.C. 2925.01(K). However, possession may not be inferred solely from mere access to the controlled substance or occupation of the premises where the controlled substance was found. Id.
 {¶ 12} Appellant's conviction for possession of crack cocaine was charged as a fourth degree felony because Appellant was found guilty of possessing more than one gram but less than five grams of crack cocaine. See R.C. 2925.11(C)(4)(b). Appellant's conviction for possession of cocaine was charged as a fifth degree felony because Appellant was found guilty of possessing less than five grams of cocaine. See R.C. 2925.11(C)(4)(a).
 {¶ 13} The record reveals that the parties stipulated that the substances found at the residence were cocaine and crack cocaine. The record further reveals that three law enforcement officers from the Akron Police Department's ("APD") Street Narcotics Uniform Detail (SNUD) testified on behalf of the State. Detective Tim Harvey ("Harvey") testified to the following. Based on a tip from an anonymous source, he and several fellow officers from the APD placed the residence at 896 N. Howard Street in Akron, Ohio ("residence"), under surveillance in June of 2004 for suspicion of illegal drug activity. On June 3, 2004, Appellant and his girlfriend Wynetta Douglas ("Douglas") were stopped by police as they left the residence. Both were placed into police custody. Douglas gave police officers a key to the residence, and the residence was searched pursuant to a search warrant previously obtained by police. Cocaine, crack cocaine, a knife coated with cocaine, marijuana, and a handgun were found in the residence. Harvey interviewed Appellant at the scene, at which time Appellant told Harvey the drugs and handgun found at the residence belonged to Douglas. Once Appellant saw that Douglas was handcuffed and under arrest, he changed his statement to Harvey and stated that the drugs and handgun belonged to Appellant, not Douglas. Appellant also told Harvey that he had been living with Douglas at the residence for the last eight months. In open court as part of his sworn testimony, Harvey identified Appellant as the individual stopped by police, placed into police custody, and interviewed by police on June 3, 2004.
 {¶ 14} Donny Williams ("Williams"), also a detective with the APD's SNUD unit, testified for the State and testified to the following. He participated in the traffic stop of Appellant and Douglas, and in the execution of the search warrant of the residence on June 3, 2004. During the course of the search of the residence, cocaine, crack cocaine, marijuana, drug paraphernalia and a handgun were found in the residence. Williams knew Appellant to be a convicted felon, and thus knew that Appellant was not permitted to possess a handgun.
 {¶ 15} Mike Gilbride ("Gilbride"), also a detective with the APD's SNUD unit testified for the State and testified to the following. He was part of the team of officers conducting surveillance of the residence. He participated in the execution of the search warrant of the residence at which time illegal drugs and drug paraphernalia were found.
 {¶ 16} At the close of the State's case, Appellant made a Crim.R. 29 motion to dismiss the charges against him due to insufficient evidence. The motion was denied by the trial court, and Appellant proceeded to present Douglas as the sole witness in his defense.
 {¶ 17} Douglas testified to the following at trial. On June 3, 2004, she and Appellant were leaving the residence to get something to eat when they were stopped by police. Police searched her car, obtained a key to her residence, then searched her residence. All of the drugs as well as the drug paraphernalia and handgun found at the residence belonged to her, not Appellant.
 {¶ 18} Our review of the record convinces us that the State presented ample evidence that Appellant possessed the crack cocaine, cocaine, and drug paraphernalia found at the residence. Appellant admitted to police at the scene that the drugs and drug paraphernalia belonged to him. He also admitted to police that he had been living at the residence for the last eight months.
 {¶ 19} Although Appellant claims that the trial court erred when it found him guilty of possession of drug paraphernalia, and that the jury erred when it found him guilty of possession of cocaine and crack cocaine, this Court will not disturb the factual determinations of the judge or jury because each was "in the best position to determine the credibility of witnesses during trial." State v. Aaron, 9th Dist. No. 21434, 2003-Ohio-5159, at ¶ 17.
 {¶ 20} Based on the foregoing, this Court concludes that Appellant's convictions were not against the manifest weight of the evidence. Furthermore, as previously discussed, our conclusion that Appellant's convictions were not against the manifest weight of the evidence is dispositive of the issue of sufficiency. See Roberts, supra. Accordingly, Appellant's first and second assignments of error lack merit.
 Assignment of Error Number Three
"Whether the trial court's sentence was contrary to law since it did not take into acount fundamental sentencing principles, express sentencing criteria, or make findings pursuant to [R.C. 2929.14(b).]"
 Assignment of Error Number Four
"Whether the trial court properly imposed non-mandatory consecutive sentences under [R.C. 2929.14.]"
 {¶ 21} In his third and fourth assignments of error, Appellant has argued that the trial court erred when it imposed sentence. Specifically, Appellant has argued that the trial court failed to make the statutorily required findings pursuant to R.C.2929.14(C) (E) when it imposed more than the minimum term of incarceration and consecutive sentences.
 {¶ 22} This Court has previously held that an appellant has the burden to supply the record that demonstrates the error on appeal. Reese v. Village of Boston Hts. (Jan. 22, 1992), 9th Dist. No. 15156, at 10; see, also, App.R. 9(B). "This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court." State v. Sugalski, 9th Dist. No. 02CA0054-M, 2002-Ohio-6767, ¶ 11, citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 23} In the instant matter, Appellant has argued that the trial court failed to make the proper findings at the sentencing hearing in support of its imposition of more than the minimum term incarceration and consecutive sentences. However, our review of the record reveals that Appellant has failed to provide a transcript of the sentencing hearing to this Court in support of the instant appeal. Absent a transcript of the sentencing hearing, Appellant has failed to establish that the trial court's sentencing hearing resulted in the error of which he now complains. Therefore, this Court "has no choice but to presume the validity of the lower court's proceedings, and affirm."Knapp, at 199. As a result, the trial court's decision imposing more than the minimum term of incarceration and consecutive sentences is not contrary to law.
 {¶ 24} Appellant's third and fourth assignments of error lack merit.
 III {¶ 25} Appellant's four assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Moore, J. concur.