DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Chef Italiano has appealed the decision of the Summit County Court of Common Pleas that granted summary judgment to Defendant-Appellees Crucible Development Corp. and Suen Corp., dba "House of Hunan." This Court affirms.
 I {¶ 2} On December 12, 2003, Appellant filed suit against Appellees along with James R. Hoke ("Hoke"). In its complaint, Appellant claimed that Appellee Crucible Development Corp. ("Crucible") breached its lease agreement with Appellant. Appellant also brought claims of conversion, unjust enrichment, and entitlement to a constructive trust against Crucible as well as Appellees Suen Corp. ("Suen") and Hoke.
 {¶ 3} According to its complaint, Appellant rented property from Crucible for the operation of a restaurant. During the course of its lease term, Appellant was locked out of the premises by Crucible for failure to pay the rent. Suen then rented the premises from Crucible and began operating its restaurant "House of Hunan" at the premises. In its complaint against Appellees, Appellant claimed that it installed numerous trade fixtures at the property and was, therefore, entitled to retrieve the trade fixtures from the restaurant upon its leaving the property. Appellant further claimed that Crucible prevented it from retrieving its trade fixtures, and that Suen along with Hoke converted the trade fixtures to their personal use and were unjustly enriched as a result. Appellant further argued that the three Appellees held its trade fixtures under a constructive trust.
 {¶ 4} On January 12, 2004, Suen answered the complaint and denied all of the substantive allegations set forth by Appellant. On that same date, Suen also filed a cross-claim against Crucible, wherein it sought indemnification from Crucible for any liability stemming from the instant matter. On January 26, 2004, Crucible answered Suen's cross-claim. On that same date, Crucible also answered Appellant's complaint and filed a counterclaim against Appellant wherein it alleged that Appellant breached its lease agreement with Crucible and that Crucible suffered monetary damages as a result. On March 8, 2004, Appellant answered Crucible's complaint, wherein it denied all of the substantive claims set forth by Crucible.
 {¶ 5} On March 23, 2004, the trial court set the case management schedule. Pursuant to the schedule, all motions for summary judgment were due by April 16, 2004; all responses to motions for summary judgment were due by May 10, 2004; and all reply briefs were due by May 14, 2004.
 {¶ 6} On April 15 and 16, 2004 respectively, Suen and Crucible filed timely motions for summary judgment. On April 22, 2004, Appellant's counsel filed a motion requesting permission to withdraw as counsel; the motion was granted that same day. On May 11, 2004, Appellant, proceeding pro se, filed a motion with the trial court wherein it objected to the trial court's decision granting its prior counsel permission to withdraw, and asked the trial court to reinstate its prior counsel. Appellant also requested an extension of time in which to respond to Crucible's and Suen's motions for summary judgment. On May 18, 2004, Appellant filed a response to the two pending motions for summary judgment. On May 27, 2004, Appellant filed a second motion with the trial court wherein it asked the trial court to reinstate its prior counsel and, in the alternative, grant it 30 days to secure new counsel. On May 28, 2004, Crucible filed a motion that asked the trial court to preclude Appellant from proceeding pro se. The trial court granted Crucible's motion on June 30, 2004; ordered Appellant to secure new legal counsel by July 23, 2004; struck all of Appellant's pro se motions from the docket; granted Appellant an extension of time until August 30, 2004 to respond to the two pending motions for summary judgment; and set the final pre-trial conference for October 19, 2004.
 {¶ 7} Appellant's new counsel entered an appearance on July 23, 2004.
 {¶ 8} On October 18, 2004, one day before the final pre-trial conference, Appellant's counsel filed a motion requesting leave to plead instanter Appellant's motions in opposition to the two motions for summary judgment, which were already approximately six weeks late, having been due on August 30, 2004.
 {¶ 9} On October 28, 2004, the trial court granted Crucible's and Suen's motions for summary judgment; denied Appellant's request to file its responsive motions instanter; struck Appellant's responsive motions from the record; and gave Appellant fourteen days to show why service had not been perfected upon Hoke. The trial court left pending Crucible's counterclaim against Appellant, which Crucible dismissed without prejudice on November 4, 2004.
 {¶ 10} On November 5, 2004, Appellant filed notice wherein it claimed that service had been perfected upon Hoke, and requested an oral hearing. On November 11, 2004, Hoke filed a motion to dismiss Appellant's claim against him. On November 24, 2004, Appellant filed a timely notice of appeal of the trial court's October 28, 2004 decision, asserting five assignments of error. On April 5, 2005, during the pendancy of the instant appeal, the trial court granted Hoke's motion to dismiss.
 II Assignment of Error Number One
"THE COURT OF APPEALS LACKS SUBJECT MATTER JURISDICTION OVER THE APPEAL BECAUSE THE ORDER ENTERED BY THE TRIAL COURT DID NOT ADJUDICATE ALL OF THE PENDING CLAIMS."
 {¶ 11} In its first assignment of error, Appellant has argued that this Court lacks subject matter jurisdiction over the instant appeal because in its October 28, 2004 order, the trial court did not adjudicate all of the claims that were pending at that time. Specifically, Appellant has argued that because Crucible's counterclaim against Appellant was left pending in the trial court's October 28, 2004 order, the trial court's order was not a final, appealable, order. We disagree.
 {¶ 12} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B) (2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. General Acc. Inc. Co. v.Insurance Co. of North America (1989), 44 Ohio St.3d 17, 21. Pursuant to R.C. 2505.02, an order is both final and appealable if it resolves all claims against all parties or it "resolves at least one full cause of action in a multiple claim case with an express certification that there is no just reason for delay pursuant to Civ.R. 54(B)." Dellagnese v. First Federal Savings Loan Assn. (Feb. 20, 1991), 9th Dist. No. 14809, at 2, citingNorvell v. Cuyahoga Cty. Hospital (1983), 11 Ohio App.3d 70,71; see, also, Bench Signs Unlimited v. Stark Area RegionalTransit Authority, 9th Dist. No. 21574, 2003-Ohio-6324, at ¶ 3.
 {¶ 13} Civ.R. 54(B) provides:
"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims * * * of all the parties." (Emphasis added.)
 {¶ 14} Thus, Civ.R. 54(B) allows a trial court to issue partial judgments in actions involving multiple claims if the express determination is made that "there is no just reason for delay." David Mo[o]re Builders, Inc. v. Hudson Village JointVenture, 9th Dist. No. 21702, 2004-Ohio-1592, ¶¶ 5-7. This Court has emphasized in the past "that these seven words are mandatory." Bench Signs Unlimited at ¶ 4, quoting Grable v.Springfield Twp. Bd. of Zoning Appeals (Sept. 10, 1997), 9th Dist. No. 18185, at 4. Its omission is fatal not only to the order's finality, but also this Court's jurisdiction. Grable at 5. Absent such certification by the trial court, the action remains interlocutory. Id.; see, also, Bench Signs Unlimited at ¶ 4.
 {¶ 15} In the instant matter, Appellant first has argued that the order from which it has appealed is not a final, appealable, order because the order itself did not dispose of Crucible's counterclaims against Appellant for breach of contract and damages. In response, both Crucible and Suen have argued that the trial court's inclusion of Civ.R. 54(B) language in its order granting summary judgment to Crucible and Suen satisfied the requirements set forth above and made the October 28, 2004 order a final, appealable order. Crucible and Suen have further argued that Crucible's dismissal of its counterclaims against Appellant removed any doubt that the trial court's October 28, 2004 judgment entry was a final, appealable order.
 {¶ 16} The procedural history of the case at bar is protracted and complex. According to all of the parties and the trial court, the underlying litigation is a re-filed case, the first case having been dismissed without prejudice on October 17, 2003 because Appellant defied a court order and failed to appear at the final pretrial conference. As a refilled matter, Appellant sued Crucible, Suen and Hoke for conversion, unjust enrichment, damages, and entitlement to a constructive trust. Additionally, Appellant sued Crucible for breach of contract. In its October 28, 2004 judgment entry, the trial court granted Crucible and Suen summary judgment on all of the claims brought against them by Appellant and expressly included the Civ.R. 54(B) certification that there is no just reason for delay.Dellagnese at 2; Bench Signs Unlimited at ¶ 3. The inclusion of this certifying language made an otherwise non-final appealable order just that: a final, appealable order.[1]
 {¶ 17} Based on the foregoing, this Court concludes that the October 28, 2004 judgment entry from which Appellant has appealed was a final, appealable order as to the decision awarding summary judgment to Crucible and Suen. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE COMMON PLEAS COURT OF SUMMIT COUNTY, OHIO ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT[S'] MOTIONS FOR SUMMARY JUDGMENT IN THAT MATERIAL ISSUES OF FACT ARE IN DISPUTE."
 {¶ 18} In its second assignment of error, Appellant has argued that the trial court erred when it granted summary judgment to Suen and Crucible on Appellant's claims of conversion, unjust enrichment and entitlement to a constructive trust against both.[2] Specifically, Appellant has argued that even though its motions in response to Suen's and Crucible's motions for summary judgment were stricken by the trial court, Suen and Crucible failed to present any evidence as to Appellant's intent that the chattels it installed on the property should become fixtures of the realty rather than remain Appellant's personal property. We disagree.
 {¶ 19} It is well established that an appellate court reviews an award of summary judgment de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12, certiorari denied (1986),479 U.S. 948, 107 S.Ct. 433, 93 L.Ed.2d 383. Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 20} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the nonmoving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 21} Once the moving party's burden has been satisfied, the burden shifts to the non-moving party, as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115.
 {¶ 22} Pursuant to Civ.R. 56(C):
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 23} In the underlying litigation, Appellant claimed that 24 items attached to the property were trade fixtures rather than fixtures and thus subject to its removal at the end of its lease agreement with Crucible. Appellant further has claimed that Suen and Crucible converted the 24 items to their personal use, thus giving rise to Appellant's claims of conversion, unjust enrichment, and a constructive trust against both. For ease of discussion, the trial court grouped the 24 items into four general categories: plumbing, flooring, electrical, and miscellaneous. This Court will do the same.
 {¶ 24} In its order granting summary judgment to Suen and Crucible, the trial court concluded that specific plumbing, flooring, electrical, and miscellaneous items were fixtures of the property, not owned by Appellant, and thus not subject to Appellant's claims of conversion, unjust enrichment, or a constructive trust against Suen and Crucible.
 {¶ 25} Appellant has argued that the trial court erred when it concluded that the 24 items in dispute were fixtures that transferred with the property rather than trade fixtures that remained Appellant's personal property. Appellant has further argued that the trial court erred when it concluded that because Appellant did not own the fixtures, the fixtures were not subject to its claims of conversion, unjust enrichment, and a constructive trust against Suen and Crucible. In response, Suen and Crucible have argued that Appellant's intent that the 24 items in dispute become fixtures was apparent, thus the trial court properly found that the items were fixtures and not subject to Appellant's claims of conversion, unjust enrichment and a constructive trust against them. Suen and Crucible have further argued that several items Appellant claimed were on the property were actually not on the property, and thus not subject to any of Appellant's claims against them.
 {¶ 26} As an initial matter, this Court notes that "conversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights."Joyce v. General Motors Corp. (1990), 49 Ohio St. 3d 93, 96. Unjust enrichment occurs when a person "has and retains money or benefits which in justice and equity belong to another." Hummelv. Hummel (1938), 133 Ohio St. 520, 528. A successful claim of unjust enrichment requires that: (1) a benefit has been conferred by a plaintiff upon a defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment.Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St. 3d 179. It follows that if one does not have rightful ownership of an item or "benefit," then one cannot claim unjust enrichment. It is also well established that a constructive trust can only be imposed when unjust enrichment has been found. Ferguson v. Owens
(1984), 9 Ohio St.3d 223, 225-226.
 {¶ 27} A fixture is an item that was formerly a chattel, but which has been attached to realty for a use that has transformed the chattel into a part and parcel of the realty. HollandFurnace Co. v. Trumbull Savings Loan Co. (1939),135 Ohio St. 48, 52. The Ohio Supreme Court has stated that, to be classified a fixture, the following three elements must be present:
"[(1)] Actual annexation to the realty, or something appurtenant thereto[;]
"[(2)] Appropriation to the use or purpose of that part of the realty with which it is connected[;]
"[(3)] The intention of the party making the annexation, to make the article a permanent accession to the freehold — this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose or use for which the annexation has been made." (Emphasis sic.)Teaff v. Hewitt (1853), 1 Ohio St. 511, 530.
 {¶ 28} Trade fixtures are fixtures that a tenant of realty installs to promote the purpose for which the realty is used rather than the realty itself. Jim Skiffey Assoc., Inc. v.Rosenberger (Mar. 29, 1991), 11th Dist. No. 89-T-4324, 1991 Ohio App. LEXIS 1468, at *4; see, also, 50 Ohio Jurisprudence 3d (1984) 119, Fixtures, Section 21. Trade fixtures may be removed by the tenant during his lease term. Skiffey at *4.
 {¶ 29} The case at bar requires this Court to determine if Suen and Crucible presented sufficient evidence to prove that Appellant possessed apparent intent to annex his chattel to the realty and convert his chattel into fixtures of the realty. Apparent intent is deduced "from the situation and surroundings."Holland, 135 Ohio St. at 54. If Appellant intended that his annexation of chattel to the realty would not result in a fixture, such intention "must not be a secret." Id. A court may infer one's apparent intent to create a fixture from, among other things: the very nature of the chattel; the structure and method of annexation; the purpose of the annexation; and the indispensability of the chattel to the whole of the realty once the chattel is attached. Id.
 {¶ 30} As to the classification of an item as a fixture or trade fixture, such a determination is a mixed question of law and fact. Canton Fin. v. Pritt, 9th Dist. No. 01CA0048, 2002-Ohio-2645, at ¶ 6. As such, this Court will defer to the trial court's factual determinations, and review its legal determinations de novo. Id.
Plumbing
 {¶ 31} Appellant has argued that Suen and Crucible failed to provide any evidence that when Appellant installed plumbing in the realty, namely sinks, toilets, a urinal, a hot water tank, interlock plumbing, a dishwasher, and a grease trap, it intended that the plumbing become a fixture of the realty. Appellant has further argued that absent proof of its intent that the plumbing become a fixture of the realty, the trial court erred when it concluded that the items were no longer its personal property and its claims against Suen and Crucible regarding the plumbing must fail. Suen and Crucible have argued that the plumbing items were fixtures because they were not specific to Appellant's trade or business and their removal would damage the realty and decrease its value.
 {¶ 32} It has been held that once installed, toilets are fixtures of realty unless an agreement is present for their removal upon termination of the lease agreement. Gregory v.Helman (Jan. 1933), 2nd Dist. No. 300, 1933 Ohio Misc. LEXIS 1724, syllabus. Appellant has not argued that it and Crucible had an agreement that upon the termination of his lease agreement, Appellant would be permitted to remove the toilets and urinal. Therefore, this Court concludes that the trial court properly determined that the toilets and urinal were fixtures of the realty.
 {¶ 33} This Court notes that there is no dispute that the remaining plumbing items at issue were present on the property when Appellant was locked out of the property by Crucible. We further note that the record is devoid of any evidence that when Appellant installed the plumbing items, it made known its "intention not to make [the plumbing items] a part of the realty." Holland, 135 Ohio St. at 54. Furthermore, the very nature, purpose and indispensability of the plumbing items leads this Court to conclude that Appellant intended that the items become fixtures of the realty. We further conclude that the trial court did not err when it concluded that because the plumbing items were fixtures and not owned by Appellant, Appellant's claims of conversion, unjust enrichment, and a constructive trust against Suen and Crucible regarding those plumbing items must fail as a matter of law. As a result, the trial court did not err when it granted summary judgment to Suen and Crucible on the same.
Flooring
 {¶ 34} Appellant next has argued that Suen and Crucible failed to present any evidence that at the time Appellant installed flooring throughout the premises, it intended that the flooring become a fixture of the realty. Appellant has further argued that absent proof of its intent that the flooring become a fixture of the realty, the trial court erred when it concluded that the flooring was no longer Appellant's personal property and thus its claims against Suen and Crucible regarding the flooring failed. Suen and Crucible have argued that the flooring was a fixture of the realty because it was not specific to Appellant's trade or business. They further have argued that based upon the very nature of flooring, Appellant intended that the flooring become a fixture of the realty once installed.
 {¶ 35} This Court notes that there is no dispute that flooring was present throughout the premises when Suen took possession of the realty from Crucible. We further note that, for purposes of analogy, wall-to-wall carpeting becomes a fixture of realty once cut to fit a dwelling and nailed or stapled into place. See Merchants Mechanics Fed. Sav. Loan Assn. ofSpringfield v. Herald (1964), 120 Ohio App. 115, 119.
 {¶ 36} In the instant matter, our review of the record reveals that Appellant failed to present any evidence that when it installed the flooring, it made known its "intention not to make [the flooring] a part of the realty." Holland,135 Ohio St. at 54. Furthermore, we find Merchants persuasive precedent. As such, the very nature, purpose and indispensability of flooring leads this Court to conclude that Appellant did intend that the flooring become a fixture of the realty upon installation of the same. In addition, we conclude that the trial court did not err when it concluded that because the flooring was a fixture and not owned by Appellant, reasonable minds could come to but one conclusion, namely that Appellant's claims against Suen and Crucible regarding the flooring must fail. As such, the trial court did not err when it granted summary judgment to Suen and Crucible on the same.
Electrical
 {¶ 37} Appellant next has argued that Suen and Crucible failed to present any evidence that at the time Appellant installed the electrical items in the realty, namely the five ton air conditioning unit, exhaust fans, return air units, electrical panel box, electrical infrastructure, emergency light fixtures, exit signs, fire extinguishers, mini lights, and sound system, it intended that these electrical items become fixtures of the realty. Appellant has further argued that absent proof of its intent that the electrical items become fixtures of the realty, the trial court erred when it concluded that Appellant's claims against Suen and Crucible regarding the electrical items must fail. Suen and Crucible have argued that the electrical systems at issue were fixtures of the realty because they were integrated into the realty, not specific to Appellant's trade or business, and their removal would be devastating to the value of the realty.
 {¶ 38} In its order granting summary judgment to Suen and Crucible, the trial court concluded that the air conditioning unit, exhaust fans and vents, and return air unit were all part of the heating, ventilation and air conditioning ("HVAC") of the realty. The trial court further found that the HVAC system, as well as the additional electrical system, was intricately integrated into the realty, and that removal of either would make the realty useless for any purpose. It is undisputed that the HVAC and electrical systems were present at the realty when Suen took possession of the premises pursuant to its lease agreement with Crucible.
 {¶ 39} Our review of the record reveals that Appellant failed to present any evidence that he made known his "intention not to make [the electrical systems] a part of the realty." Holland,135 Ohio St. at 54. Therefore, we conclude that the very nature, purpose and indispensability of the HVAC system and the electrical system indicates that Appellant intended that both become fixtures of the realty. We further conclude that the trial court did not err when it concluded that because the systems were fixtures and not owned by Appellant, reasonable minds could come to but one conclusion, namely that Appellant's claims against Suen and Crucible regarding the systems must fail. As such, the trial court did not err when it granted summary judgment to Suen and Crucible on the same.
Miscellaneous
 {¶ 40} Appellant next has argued that Suen and Crucible failed to present any evidence that when Appellant installed the bathroom mirrors, partitions, ADA railings, rear entry steel door, prep table, and the paint on the walls of the realty, it intended that they become fixtures of the realty. Suen and Crucible have argued that these items are fixtures because they are not specific to Appellant's trade or business and their removal would damage the realty and decrease its value.
 {¶ 41} It is undisputed between the parties that the miscellaneous items listed above were present at the realty when Suen took possession of the realty pursuant to the terms and conditions of its least agreement with Crucible. Based upon the very nature, purpose and indispensability of the above mentioned items, this Court concludes that when Appellant installed the miscellaneous items, it intended that they become fixtures of the realty. We further conclude that the trial court did not err when it concluded that because the miscellaneous items were fixtures and not owned by Appellant, reasonable minds could come to but one conclusion, namely that Appellant's claims against Suen and Crucible regarding the miscellaneous items must fail. The trial court did not err when it granted summary judgment to Suen and Crucible on the same.
 {¶ 42} Having determined that all 24 items in dispute were fixtures and thus not subject to Appellant's claims of conversion or unjust enrichment, it follows that Appellant's claims that Suen and Crucible held these 24 items pursuant to a constructive trust for its benefit must also fail. Ferguson,9 Ohio St.3d at 225.
 {¶ 43} In sum, the trial court did not err when it concluded that the 24 items in dispute were fixtures of the realty and not owned by Appellant, and that as a matter of law, Appellant could not prevail on its claims of conversion, unjust enrichment and a constructive trust against Suen and Crucible. Appellant's second assignment of error is without merit.
 Assignment of Error Number Three
"THE COMMON PLEAS COURT OF SUMMIT COUNTY, OHIO ERRED BY STRIKING THE [APPELLANT'S] MOTIONS FOR SUMMARY JUDGMENT WITHOUT ALLOWING EVIDENCE OF EXCUSABLE NEGLECT TO [BE] ENTERED BY [APPELLANT'S] ATTORNEY BEFORE A DECISION TO STRIKE WAS MADE."
 {¶ 44} In his third assignment of error, Appellant has argued that the trial court erred when it struck Appellant's motions in response to Crucible's and Suen's motions for summary judgment. Specifically, Appellant has argued that it should have been permitted to present arguments of "excusable neglect" in support of its motion to file its untimely responsive pleadings instanter. We disagree.
 {¶ 45} It is well established that the decision as to whether or not to grant a moving party's request for leave to plead is well within the discretion of the trial court. Weber v. OrianaHouse, Inc. (Oct. 25, 1995), 9th Dist. No. 17162, at 3, citingPatterson v. VM Auto Body (1992), 63 Ohio St.3d 573. "An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable." Miller v.Harrison, 9th Dist. No. 22400, 2005-Ohio-3324, ¶ 9, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. As a Court of review, when applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court.Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. In the context of a leave to plead, however, the trial court's discretion is somewhat tempered by Civ.R. 15(A), which states that "[l]eave of court shall be freely given when justice so requires."
 {¶ 46} In the instant matter, the record reveals that the trial court set August 30, 2004 as the deadline for Appellant to respond to Crucible's and Suen's motions for summary judgment. The record further reveals that the trial court's imposed deadline came and went without any pleading or motion being filed by Appellant. On October 18, 2004, on the day before trial and approximately six weeks after it was due, Appellant made its first communication with the trial court by filing its responsive pleadings along with its motion requesting leave to plead instanter. Only then did Appellant's counsel inform the trial court that counsel had been suffering from ill health that hindered his ability to timely file motions on behalf of Appellant.
 {¶ 47} Given Appellant's history of disregarding trial court orders, as well as its counsel's failure to make any attempt to communicate with the trial court when counsel clearly knew he failed to satisfy the trial court's schedule, we conclude that the trial court was well within its discretion when it denied Appellant's leave to plead and struck its motions in response to Crucible's and Suen's motions for summary judgment.
 {¶ 48} Appellant's third assignment of error lacks merit.
 Assignment of Error Number Four
"THE COMMON PLEAS COURT OF SUMMIT COUNTY, OHIO ERRED BY FAILING TO RECOGNIZE THE ARBITRATION CLAUSE OF [THE] PARTIES LEASE AGREEMENT IN DETERMINING ISSUES OF THE BREACH OF LEASE AGREEMENT."
 {¶ 49} In its fourth assignment of error, Appellant has argued that the trial court erred when it failed to recognize the arbitration clause of the contract between Appellant and Crucible. Specifically, Appellant has argued that the trial court failed to give the arbitration clause of the contract full effect, and that such failure constituted reversible error. We disagree.
 {¶ 50} R.C. Chapter 2711 governs arbitration generally. More specifically, R.C. 2711.01(A) governs the validity of an arbitration clause in a contract, and states that:
"A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit * * * from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A)
 {¶ 51} The statute further provides that if a party brings an action upon an issue that is referable to arbitration pursuant to the terms and conditions of a written agreement, the trial court must first be "satisfied that the issue involved in the action is referable to arbitration under [the] agreement." R.C. 2711.02(B). Once satisfied, the trial court "shall on application of one ofthe parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration." (Emphasis added.) Id. Thus it is clear that the trial court can refer a matter to arbitration only at the request of one of the parties; it cannot make the referral sua sponte. Id.
 {¶ 52} Appellant has argued that the trial court was required to refer Appellant's claim that Crucible breached the lease agreement to arbitration pursuant to the terms of the written agreement. Crucible has responded that Appellant did not file an application to the trial court requesting that Appellant's breach claim be referred to arbitration, thus the issue of whether or not the trial court erred by not referring the matter to arbitration is not properly before this Court.
 {¶ 53} This Court has previously held that when a party fails to properly raise arbitration clause of an agreement to the trial court, the party's right to arbitration as contained in the agreement is considered waived. Austin v. Squire (Jan. 25, 1997), 9th Dist. No. 96CA006409, at 3, citing Jones v. Honchell
(1984), 14 Ohio App.3d 120, 122. A party's right to arbitration is preserved by following the mandates of R.C. 2711.02; the party must request that the trial court stay the legal proceedings and refer the applicable matter to arbitration. R.C. 2711.02(B); see, also, Austin, supra, at 3. "Failure to move for a stay, coupled with responsive pleadings, will constitute a [party's] waiver" of a right to arbitration. Mills v. Jaguar-Cleveland Motors, Inc.
(1980), 69 Ohio App.2d 111, 113.
 {¶ 54} First and foremost, Appellant initiated the underlying litigation by filing suit against Crucible. We think it axiomatic that if responsive pleadings create the presumption that the responding party has waived arbitration, then the initiation of suit certainly raises at least an equal presumption that a party has waived arbitration. See Mills, supra.
 {¶ 55} Furthermore, our review of Appellant's complaint reveals that it did not invoke the arbitration clause of the lease agreement when it filed suit. Nor did it comply with R.C.2711.02(B) and move the trial court for an immediate stay of the legal proceeding and a referral to arbitration. Instead, Appellant engaged in several years of protracted litigation against Crucible. Appellant's first attempt to invoke the arbitration clause of its lease agreement was in its appellate brief to this Court. Assuming, arguendo, that Appellant had a right to arbitration, such a procedure was clearly contrary to the statute.
 {¶ 56} Based on the foregoing, we conclude that Appellant waived its right to arbitration as contained in the lease agreement with Crucible. As a result, we further conclude that the trial court did not err when it did not refer Appellant's breach claim against Crucible to arbitration.
 {¶ 57} Appellant's fourth assignment of error lacks merit.
 Assignment of Error Number Five
"THE COMMON PLEAS COURT OF SUMMIT COUNTY, OHIO ERRED IN PROCEEDING WITH A PRETRIAL CONFERENCE WITHOUT [APPELLANT'S] PRESIDENT PRESENT WHILE ALLOWING [CRUCIBLE'S AND SUEN'S] PRESIDENT[S] TO BE PRESENT AND MAKE A STATEMENT."
 {¶ 58} In his fifth assignment of error, Appellant has challenged the trial court's conduct of allowing statements to be made at a final pretrial conference. Specifically, Appellant has argued that the trial court converted its final pretrial hearing in the underlying litigation into an on-the-record evidentiary hearing, and that Appellant's president was precluded from making statements at the hearing when the presidents of Crucible and Suen were permitted to make statements at the hearing.
 {¶ 59} This Court has previously held that an appellant has the burden to supply the record that demonstrates the error on appeal. Reese v. Village of Boston Hts. (Jan. 22, 1992), 9th Dist. No. 15156, at 10; see, also, App.R. 9(B). "This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court." State v. Sugalski, 9th Dist. No. 02CA0054-M, 2002-Ohio-6767, ¶ 11, citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 60} Our review of the record reveals that Appellant has not provided this Court with a transcript of the hearing where the alleged misconduct of the trial court occurred. As a result, we have nothing to review in support of Appellant's contention that it was denied the opportunity to present evidence in defense of its claims against Suen and Crucible. Therefore, this Court "has no choice but to presume the validity of the lower court's proceedings[.]" State v. Rogers, 9th Dist. No. 22354, 2005-Ohio-3117, ¶ 23, quoting Knapp, 61 Ohio St.2d at 199.
 {¶ 61} Appellant's fifth assignment of error lacks merit.
 III {¶ 62} Appellant's five assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Baird, J. concurs.
Carr, J. concurs in judgment only.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Not only was Crucbile's counterclaim left pending by the trial court, but Appellant's claim against Hoke was left pending as well. This Court notes that even though both were pending, the trial court's certification language pursuant to Civ.R. 54(B) defeated any argument that the trial court's decision awarding summary judgment to Crucible and Suen was not a final, appealable order.
[2] Appellant has not appealed the trial court's decision granting summary judgment to Crucible on Appellant's breach of contract claim.