{¶ 16} I first confess that I am confused about the standard of review applied by the majority. It has written at ¶ 7 that it is applying an abuse of discretion standard. At ¶ 12, it has cited this Court's opinion in Chef Italiano v. Crucible Dev. Corp., 9th Dist. No. 22415,2005-Ohio-4254, at ¶ 53, for what appears to be a clear statement of law: "In Chef Italiano, this Court noted that a defendant's failure to move for a stay, when coupled with responsive pleadings, resulted in a waiver of the defendant's right to arbitrate." Rather than applying this statement of law, however, it then enters into an analysis of competing presumptions, one of which it says arises from the arbitration clause included in the contract and one of which it says arises from Infinity's filing a counterclaim without moving for a stay. In ¶ 14, the majority goes back to the abuse of discretion standard, writing that it cannot conclude that the trial court abused its discretion "in determining that Infinity's late request for a stay did not `caus[e] delay and prejudice to [Milling Away].'" But then, it immediately writes that "this Court resolves any doubt as to the existence of a waiver against the party asserting it." If it were applying an abuse of discretion standard, it would be for the trial court to decide, in its discretion, whether to order a stay for arbitration, not for this Court to resolve doubts concerning whether there was a waiver. *Page 9 
Finally, the majority concludes that the presumption that Infinity waived its right to arbitration is not any stronger that the "strong presumption in favor of arbitrability." Do the facts in this case change the weight of the presumption that arises from filing of a counterclaim, or will the "strong presumption in favor of arbitrability" always outweigh the presumption that arises from filing a counterclaim without seeking a stay and an order to arbitrate? If a plaintiff files a complaint without pursuing a known right to arbitration, has he waived? Is there a presumption that he has waived? If so, will that presumption always be outweighed by the "strong presumption in favor of arbitrability"? Is prejudice beyond filing a complaint or counterclaim always necessary for there to be a waiver?
 {¶ 17} In Chef Italiano, this Court wrote: "`Failure to move for a stay, coupled with responsive pleadings, will constitute a [party's] waiver' of a right to arbitration." 2005-Ohio-4254, at ¶ 53 (quotingMills v. Jaguar-Cleveland Motors Inc., 69 Ohio App. 2d 111, 113 (1980)). In this case, Infinity not only filed a responsive pleading, it filed a counterclaim and litigated for six months without seeking a stay. I would hold that, in doing so, it waived its right to enforce the arbitration clause as a matter of law. *Page 1