DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant, Harry Carsey, d.b.a. AJ Seamless Gutters ("Carsey"), appeals from the judgment of the Summit County Court of Common Pleas, awarding him $1,735.00 in damages in his legal malpractice claim against Defendant-Appellee, Donald Walker. This Court affirms.
 I {¶ 2} In July 2004, Carsey entered into a verbal agreement with Brian Diederich, a representative of Great Lakes Commercial and Residential Roofing, Inc. ("Great Lakes"). CT Taylor Construction Co. ("CT Taylor"), the general contractor in charge of a high school building project for the Tuslaw School District, had hired Great Lakes as a subcontractor to install gutters on a high school building. Great Lakes hired Carsey as its own subcontractor to help with the gutter installation. Carsey averred that he and Diederich agreed that the materials and labor to be expended on the installation job would total approximately $13,000. Carsey *Page 2 
never signed a written agreement with either Great Lakes or CT Taylor, but indicated that he informed Mike Cooper, a representative of CT Taylor, that he was going to be working for Great Lakes when he arrived on the job site to begin installation.
 {¶ 3} According to Carsey, Diederich repeatedly failed to respond to Carsey and to bring him materials that he needed to perform his installation job. When Diederich stopped visiting the job site and ignored Carsey's invoices, Carsey contacted CT Taylor. Carsey was informed that Great Lakes had been "essentially thrown *** off the job" because of Diederich's failure to perform. CT Taylor offered Carsey payment if he performed the additional gutter and roofing work that Great Lakes had not completed. Carsey complied and CT Taylor paid him for the additional work that he completed.
 {¶ 4} On January 19, 2005, Carsey filed a mechanic's lien on the Tuslaw High School, property owned by the Tuslaw Local School District Board of Education. On January 31, 2005, Carsey received a letter from Attorney Frantz Ward, the legal representative for the Tuslaw High School building project. Attorney Ward notified Carsey that his mechanic's lien was invalid as a matter of law because: (1) he was not permitted to file a lien upon public property; and (2) he failed to serve a timely notice of furnishing.[1] According to Carsey, Walker counseled him to file the mechanic's lien.
 {¶ 5} On July 26, 2005, Carsey filed suit against Great Lakes, CT Taylor, R.P. Carbone, Inc., Hartford Casualty Insurance, and Tuslaw School District for the gutter installation work that *Page 3 
he performed on the Tuslaw High School. Carsey brought suit on the following bases: (1) "foreclosure of mechanic's lien"; (2) breach of contract; (3) the "prompt pay act"; and (4) unjust enrichment. Walker represented Carsey in the foregoing suit ("the Tuslaw suit"). On October 21, 2005, the trial court dismissed the Tuslaw suit pursuant to Civ. R. 12(B)(6) for failure to state a claim upon which relief could be granted. Walker never informed Carsey of the dismissal and the period for filing an appeal lapsed. Carsey discovered the dismissal on his own when viewing the court's online docket. Subsequently, Walker filed a Civ. R. 60(B) motion for relief from judgment on Carsey's behalf. The motion was unsuccessful.
 {¶ 6} On February 26, 2007, Carsey filed a legal malpractice claim against Walker, alleging that Walker had negligently represented Carsey in the Tuslaw suit. Walker filed a counterclaim against Carsey based on accounting and breach of contract. On April 7, 2008, the matter proceeded to trial. The trial court determined that Walker was only liable to Carsey for $1,735.00, the amount of legal fees that Carsey paid Walker for Walker's representation in the Tuslaw suit. The trial court found that Walker was not liable to Carsey for damages on the underlying claims in the Tuslaw suit because Carsey had failed to prove a causal relationship between his failure to prevail on the claims and Walker's conduct.
 {¶ 7} Carsey now appeals from the trial court's judgment and raises one assignment of error for our review.
 II Assignment of Error "IT IS ERROR FOR THE COURT TO FAIL TO CONSIDER ALTERNATIVE THEORYS (sic) TO RECOVER MONIES IN AN ATTORNEY MALPRACTICE LAWSUIT[.]" *Page 4 
 {¶ 8} In his sole assignment of error, Carsey argues that the trial court erred in refusing to find Walker liable for an additional $13,000, which represents "the value of [his] lost claim" in the Tuslaw suit. Specifically, Carsey argues that the trial court erred by not finding that Carsey could have prevailed in the Tuslaw suit based on a claim of unjust enrichment. We disagree.
 {¶ 9} Initially, we note that Walker did not file an appellate brief in this matter. Accordingly, "this Court may accept [Carsey's] statement of the facts and issues as presented in [Carsey's] brief as correct and reverse the judgment of the trial court if [Carsey's] brief reasonably appears to sustain such action." Polen Implement, Inc. v. Toth, 9th Dist. No. 07CA009280, 2008-Ohio-3211, at ¶ 8; App. R. 18(C).
 {¶ 10} Carsey argues that the trial court erred in only awarding him attorney fees against Walker because Carsey proved that he would have prevailed on an unjust enrichment claim and that Walker's conduct cost him that claim. Accordingly, Carsey's argument is essentially a challenge to the manifest weight of the evidence. In reviewing a manifest weight challenge, this Court will affirm a trial court's judgment if it is "supported by some competent, credible evidence going to all the essential elements of the case." State v. Wilson,113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 24, quoting C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus. In applying the foregoing standard, this Court recognizes its obligation to presume that the trial court's factual findings are correct and that while "[a] finding of an error in law is a legitimate ground for reversal, [] a difference of opinion on credibility of witnesses and evidence is not."Calame v. Treece, 9th Dist. No. 07CA0073, 2008-Ohio-4997, at ¶ 15, quoting Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,81. *Page 5 
 {¶ 11} The trial court determined that Carsey was not entitled to damages on his underlying claims in the Tuslaw suit because "[t]here [was] no causal relationship between [Walker's] alleged malpractice and the failure of the [Tuslaw suit]." To prove legal malpractice, a plaintiff must demonstrate: (1) that an attorney owed a duty to the plaintiff; (2) the attorney breached that duty by allowing his performance to fall below the standard of care; and (3) the attorney's breach of duty caused the plaintiffs damages. Wochna v. Mancino, 9th Dist. No. 07CA0059-M, 2008-Ohio-996, at ¶ 16. Accordingly, we must affirm the judgment of the trial court if the record contains competent, credible evidence that Walker's conduct did not cause Carsey to lose a successful unjust enrichment claim.
 {¶ 12} "A successful claim of unjust enrichment requires that: (1) a benefit has been conferred by a plaintiff upon a defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." Chef Italiano v. Crucible Development Corp., 9th Dist. No. 22415, 2005-Ohio-4254, at ¶ 26. Unjust enrichment occurs when a person "has and retains money or benefits which in justice and equity belong to another." Hummel v. Hummel (1938), 133 Ohio St. 520, 528.
 {¶ 13} The record reflects that CT Taylor and its affiliates received a benefit from the gutter installation work that Carsey performed on Tuslaw High School. Carsey testified that although he never filed a notice of furnishing when he began working, he informed Mike Cooper, a representative of CT Taylor, of his presence on the job site. By his own testimony, however, Carsey specified that "we informed Mike Cooper from CT. Taylor that we were there to install the gutters for GreatLakes" (Emphasis added.) Based on this representation, it would have been reasonable for CT Taylor and its affiliates to believe that Carsey was simply a *Page 6 
representative of Great Lakes. When Carsey later contacted CT Taylor because Great Lakes had refused to pay him, CT Taylor informed Carsey that it had released Great Lakes from the project and placed Great Lakes' money in escrow because of its deficient performance. CT Taylor then offered Carsey payment to finish additional work that Great Lakes had left unfinished. Carsey testified that he accepted the additional work and that CT Taylor paid him when he finished.
 {¶ 14} Based on these facts, the record does not support the conclusion that CT Taylor and its affiliates unjustly retained a benefit from Carsey. CT Taylor only had an agreement with Great Lakes, and Carsey informed CT Taylor that he was performing the gutter installation work "for Great Lakes." Carsey did nothing to protect his own interests by properly informing CT Taylor and its affiliates that he was responsible for conferring a benefit upon CT Taylor separate from Great Lakes. CT Taylor only withheld payment from Great Lakes based on Great Lakes' deficient performance on their entire agreement. CT Taylor paid Carsey for the additional work that it requested of him, and that he performed. As such, the record supports the conclusion that it was not unjust or inequitable for CT Taylor not to pay Carsey for any benefit that it received through its agreement with Great Lakes. See id.
 {¶ 15} As for an unjust enrichment claim against Great Lakes, the record reflects that Great Lakes did not retain any benefit from Carsey's performance. CT Taylor and the Tuslaw High School directly benefited from Carsey's work performance. Even if Carsey's performance incidentally benefitted Great Lakes because it ensured that the gutter installation work that Great Lakes promised CT Taylor was performed, there was no evidence that Great Lakes ever received compensation for this work. Carsey testified that CT Taylor informed him that it had placed Great Lakes' money in escrow. Further, Carsey testified that he later learned that Diederich was closing down Great Lakes' operations in Ohio and moving the company out of state. There is no *Page 7 
evidence in the record that Great Lakes ever sought the funds that CT Taylor placed in escrow. Consequently, Carsey failed to prove that Great Lakes unjustly retained any benefit from his performance. See ChefItaliano at ¶ 26.
 {¶ 16} The record contains competent, credible evidence that Carsey failed to prove that he would have prevailed on his claim for unjust enrichment absent Walker's conduct. Consequently, the trial court did not err in refusing to hold Walker liable for an additional $13,000 in damages based on a claim of unjust enrichment. Carsey's sole assignment of error lacks merit.
 III {¶ 17} Carsey's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 8 
Costs taxed to Appellant.
BETH WHITMORE FOR THE COURT
MOORE, P. J. CONCURS
[1] As a prerequisite to being eligible to assert a statutory lien for any labor or materials expended, R.C. 1311.261 requires subcontractors and material suppliers who will be performing labor or providing materials for a public improvement to serve notice of their furnishing these services upon the principal contractor for the project within twenty-one days of their beginning labor or supplying materials.